David Martinez, Bar No. 193183
DMartinez@robinskaplan.com
Daniel Allender, Bar No. 264651
DAllender@robinskaplan.com
Tommy H. Du, Bar No. 305117
TDu@robinskaplan.com
Luis Gomez, Bar No. 347877
LGomez@RobinsKaplan.com
**ROBINS KAPLAN LLP**
2121 Avenue of the Stars, Suite 2800
Los Angeles, CA  90067-5052
Telephone:  (310) 552-0130
Facsimile:  (310) 229-5800

Attorneys for Plaintiff
Jorge Ernesto Ramirez Ceballos

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| Jorge Ernesto Ramirez Ceballos, | Case No. 2:23-cv-10911 |
| Plaintiff, | **COMPLAINT FOR:** |
| v. | **(1)   FEDERAL TRADEMARK COUNTERFEITING (LANHAM ACT, 15 U.S.C. § 1114);** |
| Banda Maguey Corporation, dba Banda Maguey USA, Inc.; Miguel Angel Vidal Pulido; Samuel Vidal Pulido; and DOES 1 through 10, inclusive, | **(2)   FEDERAL TRADEMARK INFRINGEMENT (LANHAM ACT, 15 U.S.C. § 1114);** |
| Defendants. | **(3)   FALSE DESIGNATION OF ORIGIN (LANHAM ACT, 15 U.S.C. § 1125(a));** |
| | **(4)   FEDERAL TRADEMARK DILUTION (LANHAM ACT, 15 U.S.C. § 1125(c));** |
| | **(5)   COMMON LAW TRADE NAME INFRINGEMENT;** |
| | **(6)   UNFAIR COMPETITION (CAL. BUS. & PROF. CODE § 17200);** |
| | **(7)   COMMON LAW UNFAIR COMPETITION;** |
| | **(8)   STATE TRADEMARK DILUTION (CAL. BUS. & PROF. CODE § 14247);** |
| | **(9)   COPYRIGHT INFRINGEMENT (17 U.S.C. 501);** |
| | **(10) CANCELLATION OF REGISTRATION NO. 2198068 BASED ON FRAUD PURSUANT TO 15 U.S.C. § 1064(3);** |

**ROBINS KAPLAN LLP**
ATTORNEYS AT LAW
LOS ANGELES

**(11)   REFUSAL OF TRADEMARK APPLICATION NO. 88900353 FOR BANDA MAGUEY PURSUANT TO 15 U.S.C. § 1119 AND 15 USC § 1052(D); AND**

**(12)   REFUSAL OF TRADEMARK APPLICATION NO. 97653763 FOR LOS MAGUEYITOS PURSUANT TO 15 U.S.C. § 1119 AND 15 USC § 1052(D)**

**DEMAND FOR JURY TRIAL**

Plaintiff Jorge Ernesto Ramirez Ceballos ("Plaintiff" or "Mr. Ramirez Ceballos") hereby alleges and avers based on knowledge as to his acts and based on information and belief as to the acts of others, as follows:

## NATURE OF ACTION

1.      This is an action for brazen trademark counterfeiting, infringement and dilution, unfair competition and copyright infringement brought by Plaintiff Mr. Ramirez Ceballos against renegade former band members of Banda Maguey and their impostor company Banda Maguey Corporation.

2.      Banda Maguey is a famous musical group from Villa Corona, Jalisco Mexico ("Banda Maguey") and a preeminent music band in the technobanda music genre.  Banda Maguey Band is managed by Mr. Mario Cesar Guardado Rosales and Plaintiff Mr. Ramirez Ceballos and is comprised by original band founders and licensees Mr. Fernando Guardado Rosales, Mr. Jose Rosario Cisneros Gutierrez and Mr. Luis Antonio Plasencia Martinez.  Banda Maguey has provided entertainment services in connection with the name and mark Banda Maguey for several decades, dating back to at least 1991, including throughout the United States.

3.      Plaintiff Mr. Ramirez Ceballos is the owner of the Banda Maguey trademarks and the copyright over the Banda Maguey logo artwork ("Banda Maguey Design").  Mr. Ramirez Ceballos represents Banda Maguey's interests in

COMPLAINT

ROBINS KAPLAN LLP
ATTORNEYS AT LAW
LOS ANGELES

these proceedings, including the interests of founding members and licensees Mr. Guardado, Mr. Plasencia and Mr. Cisneros.

4.      Defendant Miguel Angel Vidal Pulido ("Defendant MA Pulido") and Samuel Vidal Pulido ("Defendant S Pulido") (collectively, "Individual Defendants") are renegade former band members who are using the Banda Maguey trademarks and the Banda Maguey Design illegally and without authorization, including through Defendant Banda Maguey Corporation, dba Banda Maguey USA, Inc. ("Defendant Impostor Band") (and collectively "Impostor Defendants").

5.      Notably, Defendant MA Pulido once held the rights to the Banda Maguey trademarks, but he freely assigned them. This is undisputed and undisputable given Defendant MA Pulido's prior declaration under penalty of perjury, and as reflected in the assignment itself and in the USPTO register.

6.      Defendant MA Pulido has brought and lost several proceedings challenging Plaintiff's ownership of the Banda Maguey trademarks in Mexico before the Mexican Institute of Intellectual Property ("IMPI") and is currently the subject of an injunction prohibiting him from using the Banda Maguey trademarks in Mexico.

7.      Undaunted, Defendants have turned to using Banda Maguey intellectual property without authorization in the United States. As such, Mr. Ramirez Ceballos brings this action to stop Defendants' unlawful use and misappropriation of the Banda Maguey intellectual property, including through Defendants' use of the corporate name Banda Maguey Corporation, the dba Banda Maguey USA, Inc., and through social media and other advertising and musical performances in the United States.

**THE PARTIES**

8.      Plaintiff Mr. Ramirez Ceballos is a citizen and resident of Mexico.

9.      Defendant Banda Maguey Corporation, dba Banda Maguey USA, Inc. is a Corporation organized under the laws of Utah with an address of 899 North

COMPLAINT

62009789.4

Main Street, Pleasant Grove, Utah 84062. Banda Maguey Corporation is an impostor musical band formed by former Banda Maguey members Defendants MA Pulido and S Pulido.

10. Defendant MA Pulido is a citizen of Mexico residing at, *inter alia*, 83244 US Hwy 111, Indio, California 92201 and 4657 Rockingham Loop, Riverside, California 92509.

11. Defendant S Pulido is a citizen of Mexico residing at, *inter alia*, 1571 N 460 W Street in Pleasant Grove, Utah 84062, as well as California with Defendant MA Pulido.

12. Mr. Ramirez Ceballos is unaware of the true names and capacities, whether individual, corporate, associate, or otherwise, of Defendants DOES 1 through 10 and therefore sues them by such fictitious names. Each DOE Defendant is responsible for the claims and damages alleged herein and is jointly and severally liable with all other Defendants. Mr. Ramirez Ceballos will seek leave of Court to amend this Complaint when he ascertains the identities of these Defendants.

13. At all relevant times, Defendants MA Pulido and S Pulido knowingly and intentionally authorized and participated in Defendant Impostor Band's wrongful conduct alleged here. Among other things, they directed, authorized, or participated in infringement, counterfeiting and unfair competition. As such, they are personally liable in this action.

14. At all relevant times, and as more fully described below, Defendant MA Pulido was and is the President of Defendant Impostor Band and was and is a control person of the Impostor Defendants. Notwithstanding his role as a corporate officer, Defendant MA Pulido acted in his own interest for his own improper purpose by personally infringing Plaintiff's rights, as evidenced in part by his false assertion of purported trademark rights in his own name. Further, Defendant MA Pulido, directed, was aware of, participated in and facilitated the

COMPLAINT

62009789.4

referenced infringing activity and conspiracy.  He further failed to take any steps to prevent the Impostor Defendants' unlawful use of the Banda Maguey intellectual property.  Moreover, Defendant MA Pulido directed this wrongful conduct after receiving notice of Mr. Ramirez Ceballos' claims.

15.    As a result, and through his knowledge of the Impostor Defendants' practices, his control of the Impostor Defendants, his participation in and direction of the referenced conspiracy and illegal conduct, and his course of wrongful conduct on his own behalf and for his own personal benefit, Defendant MA Pulido is personally liable.

16.    At all relevant times, Defendant S Pulido was and is a control person of the Impostor Defendants, including Defendant Impostor Band.  As with MA Pulido, Defendant S Pulido directed and was aware of and participated in the referenced infringing activity.  He further engaged in infringing activity for his own benefit and his own interest.  In addition to facilitating and directing the infringement, Defendant S Pulido failed to take any steps to prevent the Impostor Defendants' use of the Banda Maguey intellectual property, and he also directed this wrongful conduct after receiving notice of Mr. Ramirez Ceballos' claims.

17.    As a result, and through his knowledge of the Impostor Defendants' practices, his control of the Impostor Defendants, his participation in and direction of the conspiracy and illegal conduct outlined herein, and his course of wrongful conduct on his own behalf and for his own personal benefit, Defendant MA Pulido is personally liable.

18.    At all relevant times, Defendants acted through their agents, members and/or managing members.  At all relevant times each of the Defendants was the agent, ostensible agent, employee, alter ego, and/or co-conspirator of each of the remaining Defendants and at all times was acting within the purpose and scope of such agency, employment, and conspiracy and with the

ROBINS KAPLAN LLP
ATTORNEYS AT LAW
LOS ANGELES

COMPLAINT

62009789.4

knowledge, authorization, permission, consent and/or subsequent ratification and approval of each Co-defendant.

## JURISDICTION AND VENUE

19.     This Court has original jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331, 1338(a), and 15 U.S.C. § 1121.  The Court has supplemental jurisdiction over the state law claims asserted herein under 28 U.S.C. § 1338(b) because they form some part of the same case or controversy under Article III of the United States Constitution.

20.     Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391 because it is a judicial district in which a substantial part of the events giving rise to the claims asserted herein occurred, because Defendants have or are advertising and using the infringing marks in this judicial district, including through several concerts in Los Angeles County, and because at least Defendant Impostor Banda Maguey is a resident of this judicial district under Section 1391.

21.     This Court has personal jurisdiction over all Defendants because they have or are advertising and using the infringing Banda Maguey marks and design logo in this judicial district, including through personal appearances in several concerts in Los Angeles County.

## FACTUAL BACKGROUND

**A.     Background on Banda Maguey**

22.     Banda Maguey was formed in 1992 in Villa Corona, Jalisco, Mexico, and quickly rose to fame as the preeminent technobanda genre musical band. Banda Maguey signed with Fonovisa shortly thereafter and released its first record Tumbando Caña in January 1994.  Banda Maguey debuted in the United States in a sold-out area in Los Angeles on May 5, 1994.  Over the next decades, Banda Maguey recorded and released 20 albums, all of which garnered international fame.

62009789.4

ROBINS KAPLAN LLP
ATTORNEYS AT LAW
LOS ANGELES

23. Banda Maguey has continuously toured in Mexico and the United States since 1992. Its international fame continues through today, including a massive social media following on Facebook and Instagram.

24. Plaintiff, including through his predecessors-in-interest, adopted the "Banda Maguey" mark ("Banda Maguey Mark") in 1992 and the mark "La Original Banda Maguey, Y Sigue Y Sigue Y Puro Villa…Corona" mark in 2019 (collectively, the "Banda Maguey Marks"). Since then, Mr. Ramirez Ceballos and/or his predecessors-in-interest have continuously promoted and used the Banda Maguey Marks throughout the United States in interstate commerce and have expended considerable sums in exerting every effort to maintain and develop the Banda Maguey Marks.

25. As such, Banda Maguey has created substantial and extremely valuable goodwill among the purchasing public under the Banda Maguey Marks. As a result of Banda Maguey's continuous and extensive use of the Banda Maguey Marks, the Banda Maguey Marks have become and continue to function as Banda Maguey's core business and marketing assets and serve to indicate to the trade and consuming public the products originating from Banda Maguey.

26. Banda Maguey's ongoing investment and effort to develop its intellectual property in the Banda Maguey Marks since at least 1992 has resulted in widespread fame and recognition. Banda Maguey's social media and internet sites featuring the Banda Maguey Marks are widely known and followed in the United States.

**B.  The 067 Banda Maguey Registration**

27. The Banda Maguey musicians, including founding members and current licensees Mr. Fernando Guardado, Mr. Plasencia and Mr. Cisneros, as well as Defendants MA Pulido and S Pulido, registered the Banda Maguey Mark with the USPTO on October 20, 1998 under U.S. Registration Number 2,198,067 (the "067 Banda Maguey Registration").

28.     On December 11, 2006, the Banda Maguey musicians assigned the 067 Banda Maguey Registration and attendant rights and priority to the Banda Maguey Mark to Defendant MA Pulido.  This assignment was recorded with the USPTO on January 11, 2007.

29.     On October 1, 2009, the Banda Maguey musicians created a Mexican corporation Xopillyn Sociedad Civil ("Xopillyn SC") and appointed Mr. Jose Rosario Cisneros as its representative.  At the time, the Xopillyn SC shareholders included Defendants MA Pulido and S Pulido, as well as founding members and licensees Mr. Fernando Guardado, Mr. Plasencia and Mr. Cisneros.

30.     On October 2, 2009, Defendant MA Pulido assigned all right, title and interest in the Banda Maguey trademarks in Mexico to Xopillyn SC, represented by Mr. Jose Rosario Cisneros.

31.     On April 30, 2012, the members of Xopillyn SC voted Mr. Jose Rosario Cisneros as sole manager, vesting on him the exclusive right to enter into assignment agreements for the transfer of intellectual property rights.

32.     On February 5, 2014, Defendant MA Pulido assigned all right, title and interest in the 067 Banda Maguey Registration and "all priority rights resulting from the above-identified trademark" to Xopillyn SC in the United States, again represented by Mr. Jose Rosario Cisneros as sole administrator (the "2014 Assignment).  The 2014 Assignment was recorded with the USPTO on September 12, 2014.

33.     Defendant MA Pulido has admitted to his assignment of all rights over the 067 Banda Maguey Registration and Banda Maguey Mark and priority rights in a sworn statement submitted to the USPTO.  Further, in the 2014 Assignment, Defendant MA Pulido agreed to take all necessary steps to uphold the validity of the 067 Banda Maguey Registration and the Banda Maguey Mark, including to "uphold the validity of said trademark registration and reissues and extensions thereof…."

COMPLAINT

62009789.4

34.     On March 23, 2018, pursuant to authority granted by its shareholders, Xopillyn SC executed a trademark assignment agreement transferring the entire right and interest in and to the Banda Maguey Mark to Plaintiff Jorge Ernesto Ramirez Ceballos (the "2018 Assignment").  The 2018 Assignment was recorded with the USPTO on November 22, 2018.

35.     On June 5, 2019, Defendant MA Pulido and S Pulido filed a cancellation action based on the farce that the Xopillyn SC shareholders did not authorize the 2018 Assignment.  Plaintiff was not notified of the petition and thus did not timely respond.  As such, Defendant MA Pulido and S Pulido obtained a default order cancelling the 067 Mark on September 28, 2019.  The USPTO denied Plaintiff's motion for relief from the default judgment on February 1, 2022.

36.     While the fation of the 067 Registration denies Plaintiff certain statutory rights, Plaintiff has retained all common law rights to the Banda Maguey Mark associated with the Banda Maguey goodwill through the assignments described above.

**C.     The 963 Registration for the "La Original Banda Maguey, Y Sigue Y Sigue Y... Puro Villa Corona" and Design**

37.     Mr. Ramirez Ceballos also owns U.S. Registration 5,985,963 (the "963 Registration") over the mark "La Original Banda Maguey, Y Sigue Y Sigue Y... Puro Villa Corona" and design ("La Original Banda Maguey Mark").  Plaintiff registered the La Original Banda Maguey Mark in IC 41 for entertainment services in the nature of presenting live musical performances with a date of first use of at least February 27, 2019, as follows:

COMPLAINT



ROBINS KAPLAN LLP
ATTORNEYS AT LAW
LOS ANGELES

38.     Defendant MA Pulido has petitioned the USPTO for cancellation of the 963 Registration, again based on the farce that Xopillyn SC's shareholders were unaware of and/or did not authorize the 2018 Assignment.

39.     As of August 23, 2023, in the face of a merits defense (and not an uncontested cancellation default proceeding as with the 067 Registration) the TTAB ruled that MA Pulido's Second Amended Petition for Cancellation fails to provide proper notice given MA Pulido's contradictory claims to standing.

40.     In his most recent Third Amended Petition for Cancellation, Defendant MA Pulido alleges that rights to the Banda Maguey Mark (which were the subject of the 067 Banda Maguey Registration) have reverted to him only (but not to the other band members).[1]

41.     As of the date of this filing, Defendant MA Pulido has yet to plead a viable petition for cancellation of the 963 Mark.

**D.     The Banda Maguey Copyrighted Design**

42.     Plaintiff also owns the copyright over the Banda Maguey Design, including as shown below, as well as any modifications thereof.  This original work of authorship consists of a graphic design of the wording Banda Maguey in stylized letters, where the letter M is depicted as an animated character wearing a

---

[1] *See* TTAB Cancellation No. 92075108, at Third Amended Cancellation Petition.

62009789.4

Mexican sombrero and a colorful sash, holding a trumpet, and a star in the background, as follows:



43.    Designer Miguel Angel Parra created the Banda Maguey Design in or about June 1992 as a work for hire pursuant to a written agreement based on a commission by Banda Maguey's manager Mario Cesar Guardado.

44.    Mr. Parra's creation of the Banda Maguey Design pursuant to a work for hire agreement with Mr. Guardado has also been recognized in proceedings in Mexico. *See, infra*, ¶53.

45.    Mr. Guardado owned the copyright to the Banda Maguey Design and any modifications thereof (collectively, "Banda Maguey Designs") until he assigned them to Plaintiff and current Banda Maguey co-manager Mr. Ramirez Ceballos.

46.    Mr. Ramirez Ceballos, as a Mexican national and holder of the copyright over the Banda Maguey Designs, is entitled to sue for infringement of his copyright over the designs in federal court.  The Copyright Act, 17 U.S.C.A. §104(b)(2), provides Plaintiff standing without a federal registration where, as here, the author was a foreign national of a treaty party on the date of publication, or the subject design was first published in a treaty party.  The United States and Mexico are both members of the Berne Convention, and the Banda Maguey Design was first published before the United States (1989) and Mexico (1967) became Berne Convention treaty parties.

COMPLAINT

62009789.4

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

ROBINS KAPLAN LLP
ATTORNEYS AT LAW
LOS ANGELES

**E.**   **Proceedings Related to the Banda Maguey Trademarks in Mexico**

47.   Defendant MA Pulido has lost every proceeding challenging the Banda Maguey Marks in Mexico.  On August 14, 2022, the Mexican Institute of Intellectual Property ("IMPI") denied his petition against Plaintiff Mr. Ramirez Ceballos to cancel Mexican Registration No. 518327 for Banda Maguey and design in IC 41 for "musical group" services.

48.   IMPI went further and imposed an injunction prohibiting Defendant MA Pulido from using the Banda Maguey and Design mark in Mexico in connection with musical performances.  It also issued fines against him and an injunction under penalty of further sanctions pursuant to Article 214 of the Mexican Law of Intellectual Property, including extensive additional fines and criminal prosecution.

49.   According to Articles 8 and 9 of the Mexican Federal Law of Administrative Proceeding, the referenced injunction is enforceable from the moment it was noticed to MA Pulido on September 5, 2022 and is currently in place unless and until it is suspended by a judicial authority.

50.   On June 2, 2023, IMPI denied Defendants MG Pulido and S Pulido's petition to cancel Plaintiff's registration in the mark "Y Sigue Y Sigue Banda Maguey Y … Puro Villa Corona" and design, Mexican Registration No. 2061507 in IC 41 for global entertainment services, show organization (entertainer services), music composition services, online provision of music and non-downloadable videos ("the 507 Mark").  The basis of this action was the alleged claim of prior rights, based on a copyright registration granted by Mexico's National Copyright Office[2] in 2018, but the work was found by IMPI to have been falsely indicated as an original work by MA Pulido during the application process (*see, infra*, at 49).

---

[2] Hereinafter, "INDAUTOR" or "Instituto Nacional del Derecho de Autor."

COMPLAINT

62009789.4

51.    In so doing, IMPI found that Defendant MA Pulido had previously assigned all right, title, and interest in the 507 Mark, and that those rights were eventually transferred to Plaintiff Mr. Ramirez Ceballos.

52.    Further, IMPI rejected MA Pulido's reliance on two registration certificates he obtained in Mexico in 2018 for a Banda Maguey design, finding that Plaintiff has priority of trademark use.  Further, IMPI found that the Banda Maguey Design was authored by designer Miguel Angel Parra and that Defendant MA Pulido's 2018 registrations in Mexico were of derivative works lacking originality.

53.    Defendants MA Pulido and S Pulido also brought a failed action to cancel Plaintiff's name reserve rights in Mexico under Mexican Copyright Law over the Banda Maguey name based on an alleged prior use of the Banda Maguey name.  On April 22, 2022, INDAUTOR denied MA Pulido's petition, finding that Plaintiff's name reserve rights over Banda Maguey registered in 2005 under Copyright No. 04-2005-070614192800-402 were valid.  As INDAUTOR found:

> In this sense, it is appropriate to point out that the works
> BANDA MAGUEY and LA ORIGINAL BANDA MAGUEY,
> registered with the National Copyright Institute, with numbers
> 03-2018-062813014500-01 dated June 29, 2018 and 03-2018-
> 082412310400-O1 dated August 24,2018, property of MIGUEL
> ÁNGEL VIDAL PULIDO, reproduce the design of a trademark
> registration requested and granted previously as well as a
> work that Miguel Ángel Parra Rea expressed is also of earlier
> date.  That is to say, the drawing works of the current actor
> are based on works pre-existing works thus lacking originality,
> therefore, said works cannot be considered to prove the
> normative assumption under study, that is, the existence of a
> work is not proven original prior to the date of trademark

ROBINS KAPLAN LLP
ATTORNEYS AT LAW
LOS ANGELES

62009789.4

1  registration subject to nullity.

2  54.   On July 14, 2023, the General Director of INDAUTOR denied

3  Defendant MA Pulido and S Pulido's appeal of this decision and affirmed

4  INDAUTOR's previous resolution.

5  **F.   Defendants' Trademark Counterfeiting and Infringement and**

6  **Copyright Infringement**

7  55.   Defendants' infringing use of the Banda Maguey Corporation name,

8  the Banda Maguey USA, Inc. dba, and its use in advertising, social media and

9  musical performances of the Banda Maguey and La Original Banda Maguey Marks

10  are as brazen and they are unlawful.

11  56.   By way of example, the legitimate Banda Maguey Facebook page

12  went live in at least 2010 and has over 662,000 followers[3].

13  57.   On or about July 7, 2021, Defendants created a fraudulent Facebook

14  page claiming that it is "La Original Banda Maguey" (the Original Banda Maguey).

15  The following comparison illustrates Defendants' brazen infringement.

16  **Legitimate Facebook Banner**:



ROBINS KAPLAN LLP
ATTORNEYS AT LAW
LOS ANGELES

27

28  ───────────────────
[3] By way of comparison, Defendants' fraudulent Facebook account has created confusion to the tune of 35,000 followers.

62009789.4

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**Infringing Facebook Banner**:



*See also*, Exhibit A.

58.    Defendants have also copied the legitimate Banda Maguey Instagram page, which went live in April 2016 at @bandamagueyoficial and currently has over 211,000 followers, by creating a fraudulent Instagram account at @laoriginal_bandamaguey_oficial, again claiming to be La Original Banda Maguey, as shown below.

ROBINS KAPLAN LLP
ATTORNEYS AT LAW
LOS ANGELES

COMPLAINT

62009789.4

ROBINS KAPLAN LLP
ATTORNEYS AT LAW
LOS ANGELES

| Legitimate Trademark Images | Infringing Trademark Images |
|---|---|
|  |  |
|  |  |

62009789.4

ROBINS KAPLAN LLP
ATTORNEYS AT LAW
LOS ANGELES

| Legitimate Trademark Images | Infringing Trademark Images |
|---|---|
| | |

59.    Defendants have similarly engaged in counterfeiting, infringement and false designation of origin in connection with live musical performances, as shown below:

| Legitimate Trademark Images | Infringing Trademark Images |
|---|---|



- 17 -                                                    COMPLAINT

62009789.4

ROBINS KAPLAN LLP
ATTORNEYS AT LAW
LOS ANGELES

| Legitimate Trademark Images | Infringing Trademark Images |
|---|---|
|  | <br /> |

COMPLAINT

62009789.4

| Legitimate Trademark Images | Infringing Trademark Images |
|---|---|
|  | <br /> |

COMPLAINT

62009789.4

ROBINS KAPLAN LLP
ATTORNEYS AT LAW
LOS ANGELES

| Legitimate Trademark Images | Infringing Trademark Images |
|---|---|
|  |  |
|  |  |

COMPLAINT

62009789.4

| Legitimate Trademark Images | Infringing Trademark Images |
|---|---|



60.     Defendants' brazen and widespread trademark infringement also includes their copying the Banda Maguey Marks from other legitimate Banda Maguey social media platforms that have tremendous popularity.

61.     For example, the legitimate Banda Maguey YouTube account was created on June 5, 2012 and has over 129,816,428 views and 221,000 subscribers. Its TikTok account has 530,000 followers and over 6.9M likes. And its Spotify Account has 1,108,219 followers and 1,589,870 monthly listeners.

62.     While Defendants' infringing YouTube, TikTok and Spotify accounts have secured a very limited following, this consumer confusion will continue to grow unless stopped by the Court.

63.     Defendants' use of the Banda Maguey Designs also constitutes copyright infringement, as shown below:

COMPLAINT

62009789.4

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

ROBINS KAPLAN LLP
ATTORNEYS AT LAW
LOS ANGELES

| Sample Plaintiff's Banda Maguey Designs |
| --- |
|  |
|  |

| Defendants' Infringing Designs |
| --- |
|  |

COMPLAINT

62009789.4

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

ROBINS KAPLAN LLP
ATTORNEYS AT LAW
LOS ANGELES





COMPLAINT

62009789.4

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

ROBINS KAPLAN LLP
ATTORNEYS AT LAW
LOS ANGELES





COMPLAINT

62009789.4

**FIRST CLAIM FOR RELIEF**

**Federal Trademark Counterfeiting**

**in Violation of Lanham Act § 32, 15 U.S.C. § 1114**

64.     Plaintiff realleges and incorporates by reference each of the foregoing paragraphs of this Complaint as though fully set forth in full herein.

65.     Defendants' use of the La Original Banda Maguey Mark is identical with, or substantially indistinguishable from the La Original Banda Maguey Mark over which Plaintiff holds the 963 Registration.  Defendants have used these spurious designs in commerce in connection with live musical performances, signs, displays, advertisements, promotional materials, website content, videos, and other materials for the provision of musical services for their own financial gain and without authorization.

66.     Defendants had actual and direct knowledge of Plaintiff's prior use and ownership of the La Original Banda Maguey Mark and its conduct is therefore willful and reflects Defendants' intent to exploit the goodwill and strong brand recognition associated with the La Original Banda Maguey Mark.

67.     Defendants' acts constitute trademark counterfeiting in violation of Section 32 of the Lanham Act, 15 U.S.C. § 1114.

68.     Defendants' trademark counterfeiting has caused and, unless restrained and enjoined by this Court, will continue to cause substantial, immediate and irreparable injury to Plaintiff for which he is without an adequate remedy at law.

69.     Defendants' counterfeit use of La Original Banda Maguey Mark is knowing and willful, entitling Plaintiff to statutory damages of up $2,000,000 and attorneys' fees and costs under 15 U.S. C. § 1117.

COMPLAINT

62009789.4

**SECOND CLAIM FOR RELIEF**

**Federal Trademark Infringement of a Registered Mark**

**in Violation of Lanham Act § 32, 15 U.S.C. § 1114**

70.     Plaintiff realleges and incorporates by reference each of the foregoing paragraphs of this Complaint as though fully set forth in full herein.

71.     At all relevant times, Defendants have used unauthorized reproductions and/or imitations of the La Original Banda Maguey Mark for which Plaintiff holds the 963 Registration in a manner likely to cause confusion and/or mistake and/or to deceive.

72.     Defendants have reproduced, copied and/or imitated the La Original Banda Maguey Mark and have used such reproductions, copies and/or colorable imitations in connection with live musical performances, signs, displays, advertisements, promotional materials, website content, and other materials used in commerce in connection with the advertising and provision of musical services in a manner likely to cause confusion and/or mistake and/or to deceive.

73.     Defendants are acting and have acted with knowledge that their copying and use of the La Original Banda Maguey Mark is unauthorized and unlawful and with the intent to cause confusion and/or mistake and/or to deceive.

74.     Defendants' trademark infringement has caused and, unless restrained and enjoined by this Court, will continue to cause substantial, immediate and irreparable injury to Plaintiff's business, reputation and goodwill for which he is without an adequate remedy at law.

75.     As a direct and proximate result of Defendants' intentional and willful violation of 15 U.S.C. § 1114, Plaintiff has suffered and is continuing to suffer injury, loss and damages in an amount according to proof at trial, and is entitled to recover damages, extraordinary damages, attorneys' fees and costs pursuant to 15 U.S. C. § 1117, and to disgorgement of Defendants' unlawful gains and profits.

COMPLAINT

62009789.4

1

## **THIRD CLAIM FOR RELIEF**

2

### **Federal Unfair Competition and False Designation of Origin**

3

### **in Violation of Lanham Act § 43(a), 15 U.S.C. § 1125(a)**

4      76.    Plaintiff realleges and incorporates by reference each of the foregoing

5  paragraphs of this Complaint as though fully set forth in full herein.

6      77.    Defendants have engaged in the unauthorized use of the Banda

7  Maguey Marks through their advertising and musical performances, and through

8  their use of the names Banda Maguey Corporation and Banda Maguey USA, Inc.

9      78.    Defendants' unlawful use of the Banda Maguey Marks constitute false

10 and misleading designations of origin and false and misleading representations of

11 facts, which:

12          A.    Are likely to cause confusion, or to cause mistake, or to deceive

13                as to the affiliation, connection, or association of Defendant

14                with Banda Maguey, or as to the origin, sponsorship, or

15                approval of Defendants' goods or commercial activities by

16                Banda Maguey; and/or

17          B.    Misrepresent the nature, characteristics, or qualities of

18                Defendants' goods, services, or commercial activities.

19      79.    Defendants' misconduct in violation of 15 U.S.C. § 1125(a) has caused

20 and, unless restrained and enjoined by this Court, will continue to cause

21 substantial, immediate and irreparable injury to Plaintiff's business, reputation,

22 and goodwill for which he is without an adequate remedy at law.

23      80.    As a direct and proximate result of Defendants' intentional and willful

24 violation of 15 U.S.C. § 1125(a), Plaintiff has suffered and is continuing to suffer

25 injury, loss and damages in an amount according to proof at trial, and is entitled to

26 recover damages, extraordinary damages, attorneys' fees and costs pursuant to 15

27 U.S.C. § 1117, and to disgorgement of Defendants' unlawful gains and profits.

28

62009789.4

**FOURTH CLAIM FOR RELIEF**

**Federal Trademark Dilution in**

**Violation of Lanham Act § 43(c), 15 U.S.C. § 1125(c)**

81.    Plaintiff realleges and incorporates by reference each of the foregoing paragraphs of this Complaint as though fully set forth in full herein.

82.    The Banda Maguey Marks are distinctive and famous throughout the United States.  After the Banda Maguey Marks became famous, Defendants used and are branding their musical services with marks that are identical or virtually identical to the Banda Maguey Marks.

83.    Defendants acted with knowledge of the fame and reputation of the Banda Maguey Marks with the purpose of usurping such rights and to willfully and intentionally confuse, mislead, and deceive members of the public.

84.    Defendants' actions have and are likely to dilute, blur and tarnish the distinctive quality of the Banda Maguey Marks, to lessen the ability of the Banda Maguey Marks to identify and distinguish Banda Maguey's products.

85.    As a result of Defendants' violation of 15 U.S.C. § 1125(c), Plaintiff has and continues to suffer damages according to proof at trial.  Further, unless Defendants are restrained, Plaintiff will continue to suffer irreparable damage and injury to his reputation and goodwill.

86.    Because Defendants acted willfully and intentionally to trade on Banda Maguey's reputation and/or cause dilution of the famous Banda Maguey trademarks, Plaintiff is entitled to recover damages, extraordinary damages, attorneys' fees and costs pursuant to 15 U.S. C. § 1117, and to disgorgement of Defendants' unlawful gains and profits.

**FIFTH CLAIM FOR RELIEF**

**Common Law Trade Name Infringement**

87.    Plaintiff realleges and incorporates by reference each of the foregoing paragraphs of this Complaint as though fully set forth in full herein.

COMPLAINT

62009789.4

88.     Defendants have engaged in trade name infringement under the common law of the State of California.

89.     Defendants have sought to intentionally deceive the public by misrepresenting that their services and/or products are in some way sponsored or authorized.

90.     Defendants acted willfully and with the intention of causing confusion, mistake or deception.

91.     As a proximate result of Defendants' acts, Plaintiff has and continues to suffer damages according to proof at trial.  Further, unless Defendants are restrained, Plaintiff will continue to suffer irreparable damage and injury to his reputation and goodwill.

## SIXTH CLAIM FOR RELIEF

### Unfair Competition in Violation of

### California Business & Professions Code § 17200, *et seq.*

92.     Plaintiff realleges and incorporates by reference each of the foregoing paragraphs of this Complaint as though fully set forth in full herein.

93.     Defendants' misconduct in trading upon Banda Maguey's goodwill and reputation constitutes unlawful, unfair and fraudulent business acts or practices and unfair, deceptive, untrue or misleading advertising, in violation of California Business and Professions Code §17200, *et seq*.

94.     As a direct and proximate result of Defendants' unfair, unlawful and illegal business practices, Plaintiff has suffered irreparable harm to his reputation and goodwill.  As such, Plaintiff is entitled to injunctive relief as set forth herein.

## SEVENTH CLAIM FOR RELIEF

### Common Law Unfair Competition

95.     Plaintiff realleges and incorporates by reference each of the foregoing paragraphs of this Complaint as though fully set forth in full herein.

COMPLAINT

62009789.4

96.     Defendants' unauthorized sale and use of the Banda Maguey Marks constitutes infringement and counterfeiting, and misappropriation of Plaintiff's intellectual property, unjust enrichment of Defendants, as well as unfair competition with Plaintiff in violation of Plaintiff's rights under the common law of the State of California and other states of the United States.

97.     Defendants' willful conduct outlined herein has unjustly enriched Defendants in violation of Plaintiff's rights.  As such, Plaintiff is entitled to injunctive relief and monetary damages according to proof at trial.

### EIGHTH CLAIM FOR RELIEF

### Dilution in Violation of

### California Business & Professions Code § 14247, *et seq.*

98.     Plaintiff realleges and incorporates by reference each of the foregoing paragraphs of this Complaint as though fully set forth in full herein.

99.     The Banda Maguey Marks are distinctive and famous throughout the United States.  After the Banda Maguey Marks became famous, Defendants used and are using the marks in products and advertising that are identical or virtually identical to the Banda Maguey Marks.

100.    Plaintiff is informed and believes, and on that basis alleges, that Defendants acted with knowledge of the fame and reputation of the Banda Maguey Marks with the purpose of usurping such rights and to willfully and intentionally confuse, mislead, and deceive members of the public.

101.    Defendants' actions have and are likely to dilute, blur and tarnish the distinctive quality of the Banda Maguey Marks.

102.    As a result of Defendants' violation of California Business and Professions Code § 14247, *et seq*., Plaintiff has and continues to suffer damages according to proof at trial.  Further, unless Defendants are restrained, Plaintiff will continue to suffer irreparable damage and injury to his reputation and goodwill.

ROBINS KAPLAN LLP
ATTORNEYS AT LAW
LOS ANGELES

COMPLAINT

62009789.4

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

ROBINS KAPLAN LLP
ATTORNEYS AT LAW
LOS ANGELES

**NINTH CLAIM FOR RELIEF**

**Copyright Infringement in Violation of 17 U.S.C. § 501**

103.   Plaintiff realleges and incorporates by reference each of the foregoing paragraphs of this Complaint as though fully set forth in full herein.

104.   Plaintiff owns the copyright to the Banda Maguey Designs.

105.   Defendants have published and continue to publish the Banda Maguey Designs on their website, social media, apparel, advertising, and musical performances.

106.   Defendants have never had any authorization or permission to use, publish, display or commercially exploit the Banda Maguey Designs.

107.   Defendants' unauthorized use of the Banda Maguey Designs has infringed and will continue to infringe Plaintiff's exclusive rights under 17 U.S.C. § 101 *et seq*.

108.   Defendants have realized unjust profits, gains and advantages, and they will continue to realize unjust profits, gains and advantages, as a proximate result of their infringement of the Banda Maguey Designs.

109.   Plaintiff has suffered and is continuing to suffer injury, loss and damages in an amount according to proof at trial, including damages and disgorgement of Defendants' unlawful gains and profits.

**TENTH CLAIM FOR RELIEF**

**Cancellation of Registration No. 2198068 Based on Fraud**

**Pursuant to 15 U.S.C. § 1064(3)**

110.   Plaintiff realleges and incorporates by reference each of the foregoing paragraphs of this Complaint as though fully set forth in full herein.

111.   Defendant MA Pulido secured United States Registration Number 2,198,068 for the mark La Estrella de Los Bailes (the "068 Registration") through fraud.

COMPLAINT

62009789.4

112.   The original registration for the 068 Registration issued on October 20, 1998 to trademark applicants "Banda Maguey composed of Ernesto Solano Perez, Ibarra Torres Jose Martin Gerard, Luis Antonio Placencia, Samuel Vidal Pulido, Miguel Angel Vidal Pulido, Fernando Guardado Rosales, Francisco Ricardo Mendoza, Nelson Alejandro Mendoza, Jose Luis Mendoza Rosas, Francisco Javier Bueno Hernandez, citizens of Mexico" as members of a Mexican Partnership located in Zaragoza #93, Villa Corona, Jalisco Mexico 45730.

113.   On or about October 24, 2018, after the Mexican Partnership was dissolved, Defendant MA Pulido purported to assign to himself all rights, title and interest in the 068 Registration by virtue of a written assignment that he drafted and executed on behalf of what he represented was a "California" partnership.

114.   As reflected in the USPTO Register, no "California Partnership" ever had rights to the 068 Registration.  Further, Defendant MA Pulido was not and has never been an "authorized representative" of any Banda Maguey partnership, nor was he ever authorized to transfer the 068 Registration to himself.

115.   As such, the 068 Registration in the name of Defendant MA Pulido should be cancelled consistent with 15 U.S.C. § 1064(3).  Plaintiff requests this Court exercise its power under 15 U.S.C. § 1119 to order the Commissioner of the USPTO to cancel the transfer of the 068 Registration to Defendant MA Pulido.

### ELEVENTH CLAIM FOR RELIEF

**Refusal of Trademark Application No. 88900353 for Banda Maguey**

**Pursuant to 15 U.S.C. § 1119 and 15 USC § 1052(D)**

116.   Plaintiff realleges and incorporates by reference each of the foregoing paragraphs of this Complaint as though fully set forth in full herein.

117.   On May 4, 2020, Defendant MA Pulido filed Application No. 88900353 with the USPTO for registration of the "Banda Maguey" mark in IC 41 for entertainment, namely, live music concerts, with a date of first use of April 1, 1991 (the "353 Application").

62009789.4

118.   On August 1, 2020, the USPTO issued an office action denying the 353 Application based on a likelihood of confusion with Plaintiff's 963 Registration over the La Original Banda Maguey Mark.

119.   On February 12, 2021, after abandoning the 353 Application, Defendant MA Pulido petitioned to reinstate it.  On June 2, 2021, the USPTO suspended the 353 Application.

120.   As previously noted, in 2014, Defendant MA Pulido assigned all right, title and interest in the Banda Maguey Mark pursuant to the 2014 Assignment and lacks any ownership or interest in the Banda Maguey Mark, let alone any right to obtain a federal registration over it in his own name.

121.   Further, and as set forth herein, the 353 Application consists of or comprises a mark which so resembles the La Original Banda Maguey Mark and the Banda Maguey Mark as to be likely to cause confusion, or to cause mistake, or to deceive.

122.   Plaintiff requests this Court exercise its power under 15 U.S.C. § 1119 to order the Commissioner of the USPTO to refuse the 353 Application.  Plaintiff further requests that the Court order Defendant MA Pulido to withdraw the 353 Application, and that it enjoin Defendants from filing any other trademark applications bearing the Banda Maguey Marks.

## TWELFTH CLAIM FOR RELIEF

### Refusal of Trademark Application No. 97653763 for Los Magueyitos Pursuant to 15 U.S.C. § 1119 and 15 USC § 1052(D)

123.   Plaintiff realleges and incorporates by reference each of the foregoing paragraphs of this Complaint as though fully set forth in full herein.

124.   On October 28, 2022, Defendant S Pulido filed Application No. 97653763 with the USPTO for registration of "Los Magueyitos" in IC 41 for entertainment, namely, live music concerts, with a date of first use of April 1, 1991

ROBINS KAPLAN LLP
ATTORNEYS AT LAW
LOS ANGELES

COMPLAINT

62009789.4

(the "763 Application").  The 763 Application is currently pending on a Section 1B intent to use basis.

125.   The 763 Application consists of or comprises a mark which so resembles the La Original Banda Maguey Mark and the Banda Maguey Mark as to be likely to cause confusion, or to cause mistake, or to deceive.

126.   Plaintiff requests this Court exercise its power under 15 U.S.C. § 1119 to order the Commissioner of the USPTO to refuse the 763 Application.  Plaintiff further requests that the Court order Defendant S Pulido to withdraw the 763 Application, and that it enjoin Defendants from filing any other trademark applications bearing the Banda Maguey Marks.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for judgment in his favor and against Defendants, including but not limited to, the following relief:

1.   That the Court order a preliminary and permanent injunction enjoining Defendants, their members, officers, principals, shareholders, agents, servants, employees, attorneys, successors and assigns, distributors, retailers and those in privity with them, including but not limited to the Individual Defendants, and any other persons in active concert or participation with any of them who receive actual notice of the judgment by personal service or otherwise, from any further infringement, counterfeiting, and/or dilution of the Banda Maguey Marks and from any further acts of unfair competition and copyright infringement;

2.   That the Court find that Defendants' misuse of the Banda Maguey Marks and the Banda Maguey Designs was, at all relevant times, willful and intentional;

3.   That the Court award damages sustained by Plaintiff in an amount according to proof at trial;

4.   That the Court order an accounting to Plaintiff for Defendants' profits derived from their unlawful acts, and for disgorgement of those profits;

COMPLAINT

62009789.4

5.      That the Court enter judgment for three times Defendants' profits and Plaintiff's damages and such additional sum as the Court shall find to be just, along with reasonable attorneys' fees and prejudgment interest;

6.      That the Court award statutory damages for counterfeiting in the amount of $2,000,000;

7.      That the Court require that Defendants, within thirty (30) days after service of the judgment demanded here, to file with this Court and serve upon undersigned counsel a written report under oath setting forth in detail the manner in which it has complied with the judgment;

8.      That the Court order an accounting of and impose a constructive trust on all of Defendants' funds and assets that arise out of its unlawful conduct;

9.      That the Court order the Commissioner of the USPTO to cancel the transfer of the 068 Registration to Defendant MA Pulido.

10.      That the Court order the Commissioner of the USPTO to refuse the 763 and 353 Applications.

11.      That the Court enjoin Defendants from filing any other trademark application bearing the Banda Maguey Marks.

12.      That the Court retain jurisdiction of this action for the purpose of enabling Plaintiff to apply to the Court at any time for such further orders and interpretation or execution of any order entered in this action, for the modification of any such order, for the enforcement and compliance therewith, and for the punishment of any violations thereof; and

13.      For such further relief as the Court deems just and proper.

COMPLAINT

62009789.4

1    Dated:  December 31, 2023       **ROBINS KAPLAN LLP**

2

3                                  By:  /s/ David Martinez

                                           David Martinez

4                                            Daniel Allender

                                           Tommy H. Du

5                                            Luis Gomez

6                                  Attorneys for Plaintiff

                                 Jorge Ernesto Ramirez Ceballos

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

ROBINS KAPLAN LLP
ATTORNEYS AT LAW
LOS ANGELES

           COMPLAINT

62009789.4

## **DEMAND FOR JURY TRIAL**

Mr. Ramirez Ceballos hereby demands a trial by jury.

Dated:  December 31, 2023          **ROBINS KAPLAN LLP**

By:   /s/ David Martinez
          David Martinez
          Daniel Allender
          Tommy H. Du
          Luis Gomez

Attorneys for Plaintiff
Jorge Ernesto Ramirez Ceballos

COMPLAINT

62009789.4