John M. Begakis, Esq. (SBN 278681)
john@altviewlawgroup.com
**ALTVIEW LAW GROUP, LLP**
9454 Wilshire Blvd., Suite 825
Beverly Hills, California 90212
Telephone: (310) 230-5580
Facsimile: (562) 275-8954

*Attorneys for Defendant* BANDA MAGUEY
CORPORATION DBA BANDA MAGUEY
USA, INC.

# UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Jorge Ernesto Ramirez Ceballos, Fernando Guardado Rosales; Jose Rosario Cisneros Gutierrez; and Luis Antonio Plasencia Martinez, <br><br> Plaintiffs, <br><br> v. <br><br> Banda Maguey Corporation, dba Banda Maguey USA, Inc.; Miguel Angel Vidal Pulido; Samuel Vidal Pulido; and DOES 1 through 10, inclusive, <br><br> Defendant. | CASE NO: 2:23-cv-10911-CBM-MAR <br><br> **DEFENDANTS' ANSWER TO PLAINTIFFS' SECOND AMENDED COMPLAINT AND COUNTERCLAIMS** <br><br> Action Filed: December 31, 2023 <br> Trial Date: Not Assigned |
| Miguel Angel Vidal Pulido, <br><br> Counterclaimant, <br><br> v. <br><br> Jorge Ernesto Ramirez-Ceballos; Fernando Guardado Rosales; Jose Rosario Cisneros Gutierrez; Luis Antonio Plasencia Martinez; and ROES 1-10, inclusive, <br><br> Counterdefendants. | |

Defendants BANDA MAGUEY CORPORATION, doing business as BANDA MAGUEY USA, INC., ("Banda Maguey"), MIGUEL ANGEL VIDAL PULIDO, an individual ("Miguel"), and SAMUEL VIDAL PULIDO, an individual ("Samuel") (collectively, "Defendants"), by and through their counsel of record, hereby answer the Second Amended Complaint (the "SAC") brought by Plaintiffs JORGE ERNESTO RAMIREZ CEBALLOS, an individual ("Ceballos"), FERNANDO GUARDADO ROSALES, an individual ("Rosales"), JOSE ROSARIO CISNEROS GUTIERREZ, an individual ("Gutierrez"), and LUIS ANTONIO PLASENCIA MARTINEZ, an individual ("Martinez") (collectively, "Plaintiffs"), as follows:

## NATURE OF ACTION

1.    Defendants admit solely that Plaintiffs bring an action for trademark counterfeiting, infringement and dilution, unfair competition, copyright infringement and trademark cancellation. Except as so expressly admitted herein, however, Defendants deny generally and specifically each and every remaining allegation contained in Paragraph 1 of the SAC.

2.    Defendants admit solely that Banda Maguey is a musical group from Villa Corona, Jalisco Mexico and a preeminent music band in the technobanda music genre. Except as so expressly admitted herein, however, Defendants deny generally and specifically each and every remaining allegation contained in Paragraph 2 of the SAC.

3.    Defendants admit solely that Banda Maguey has provided entertainment services in connection with the name and mark Banda Maguey dating back to 1991, including throughout the United States. Except as so expressly admitted herein, however, Defendants deny generally and specifically each and every remaining allegation contained in Paragraph 3 of the SAC.

4.    Defendants deny generally and specifically each and every allegation contained in Paragraph 4 of the SAC.

5.     Defendants deny generally and specifically each and every allegation contained in Paragraph 5 of the SAC.

6.     Defendants admit solely that Defendant Miguel at one point assigned the certain trademark rights in the Banda Maguey name. Except as so expressly admitted herein, however, Defendants deny generally and specifically each and every remaining allegation contained in Paragraph 6 of the SAC.

7.     Defendants contend that they presently possess insufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 7 of the SAC, and on that basis, deny generally and specifically each and every allegation contained therein.

8.     Defendants deny generally and specifically each and every allegation contained in Paragraph 8 of the SAC.

9.     Defendants deny generally and specifically each and every allegation contained in Paragraph 9 of the SAC.

10.     Defendants admit solely that Plaintiffs bring an action. Except as so expressly admitted herein, however, Defendants deny generally and specifically each and every remaining allegation contained in Paragraph 10 of the SAC.

## THE PARTIES

11.     Defendants contend that they presently possess insufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 11 of the SAC, and on that basis, deny generally and specifically each and every allegation contained therein.

12.     Defendants contend that they presently possess insufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 12 of the SAC, and on that basis, deny generally and specifically each and every allegation contained therein.

13.     Defendants contend that they presently possess insufficient knowledge or information to form a belief as to the truth of the allegations contained in

Paragraph 13 of the SAC, and on that basis, deny generally and specifically each and every allegation contained therein.

14. Defendants contend that they presently possess insufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 14 of the SAC, and on that basis, deny generally and specifically each and every allegation contained therein.

15. Defendants solely admit that Defendant Banda Maguey is a corporation organized under the laws of Utah with an address of 899 North Main Street, Pleasant Grove, Utah 84062. Except as so expressly admitted herein, however, Defendants deny generally and specifically each and every remaining allegation contained in Paragraph 15 of the SAC.

16. Defendants admit the allegations set forth in Paragraph 16 of the SAC.

17. Defendants admit the allegations set forth in Paragraph 17 of the SAC.

18. Defendants contend that they presently possess insufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 18 of the SAC, and on that basis, deny generally and specifically each and every allegation contained therein.

19. Defendants deny generally and specifically each and every allegation contained in Paragraph 19 of the SAC.

20. Defendants deny generally and specifically each and every allegation contained in Paragraph 20 of the SAC.

21. Defendants deny generally and specifically each and every allegation contained in Paragraph 21 of the SAC.

22. Defendants deny generally and specifically each and every allegation contained in Paragraph 22 of the SAC.

23. Defendants deny generally and specifically each and every allegation contained in Paragraph 23 of the SAC.

24. Defendants deny generally and specifically each and every allegation

contained in Paragraph 24 of the SAC.

## JURISDICTION AND VENUE

25.     Defendants solely admit that Plaintiffs allege that this Court has jurisdiction pursuant to 28 U.S.C. §§ 1331, 1338(a), and 15 U.S.C. § 1121, and supplemental jurisdiction over the state law claims under 18 U.S.C. § 1338(b). Except as so expressly admitted herein, however, Defendants deny generally and specifically each and every remaining allegation contained in Paragraph 25 of the SAC.

26.     Defendants solely admit that Plaintiffs allege that venue is proper under 28 U.S.C. § 1391. Except as so expressly admitted herein, however, Defendants deny generally and specifically each and every remaining allegation contained in Paragraph 26 of the SAC.

27.     Defendants solely admit that Plaintiffs allege that this Court has personal jurisdiction over Defendants. Except as so expressly admitted herein, however, Defendants deny generally and specifically each and every remaining allegation contained in Paragraph 27 of the SAC.

## FACTUAL BACKGROUND

**A.      Background on Banda Maguey**

28.     Defendants admit the allegations set forth in Paragraph 28 of the SAC.

29.     Defendants admit the allegations set forth in Paragraph 29 of the SAC.

30.     Defendants contend that they presently possess insufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 30 of the SAC, and on that basis, deny generally and specifically each and every allegation contained therein.

31.     Defendants admit the allegations set forth in Paragraph 31 of the SAC.

32.     Defendants admit the allegations set forth in Paragraph 32 of the SAC.

**B.      The 067 Banda Maguey Registration**

33.     Defendants solely admit that Defendants and others registered the

Banda Maguey Mark with the USPTO on October 20, 1998 under Registration Number 2,198,067. Except as so expressly admitted herein, however, Defendants deny generally and specifically each and every remaining allegation contained in Paragraph 33 of the SAC.

34.    Defendants admit the allegations set forth in Paragraph 34 of the SAC.

35.    Defendants solely admit that The Banda Maguey musicians created a Mexican corporation, Xopillyn Sociedad Civil ("Xopillyn SC") on October 1, 2009, and that Xopillyn SC's shareholders included Defendants. Except as so expressly admitted herein, however, Defendants deny generally and specifically each and every remaining allegation contained in Paragraph 35 of the SAC.

36.    Defendants contend that they presently possess insufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 36 of the SAC, and on that basis, deny generally and specifically each and every allegation contained therein.

37.    Defendants contend that they presently possess insufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 37 of the SAC, and on that basis, deny generally and specifically each and every allegation contained therein.

38.    Defendants solely admit that Defendant Miguel assigned all right, title and interest in the '067 Banda Maguey Registration to Xopillyn SC, and that such assignment was recorded with the USPTO. Except as so expressly admitted herein, however, Defendants deny generally and specifically each and every remaining allegation contained in Paragraph 38 of the SAC.

39.    Defendants solely admit that Defendant Miguel has admitted to assigning his right in the '067 Banda Maguey Registration to Xopillyn SC at the time. Except as so expressly admitted herein, however, Defendants deny generally and specifically each and every remaining allegation contained in Paragraph 39 of the SAC.

40.     Defendants solely admit that a purported assignment of rights in the '067 Banda Maguey Registration was recorded with the USPTO. Except as so expressly admitted herein, however, Defendants deny generally and specifically each and every remaining allegation contained in Paragraph 40 of the SAC.

41.     Defendants solely admit that Defendant Miguel filed a cancellation action and obtained a default. Except as so expressly admitted herein, however, Defendants deny generally and specifically each and every remaining allegation contained in Paragraph 41 of the SAC.

42.     Defendants deny generally and specifically each and every allegation contained in Paragraph 42 of the SAC.

**C.      The 963 Registration for the "La Original Banda Maguey, Y Sigue Y Sigue Y… Puro Villa Corona" and Design**

43.     Defendants solely admit that Plaintiff Ceballos registered the La Original Banda Maguey Mark in IC 41 for entertainment services in the nature of presenting live musical performances. Except as so expressly admitted herein, however, Defendants deny generally and specifically each and every remaining allegation contained in Paragraph 43 of the SAC.

44.     Defendants solely admit that Defendant Miguel has filed a cancellation action with respect to the La Original Banda Maguey Mark. Except as so expressly admitted herein, however, Defendants deny generally and specifically each and every remaining allegation contained in Paragraph 44 of the SAC.

45.     Defendants solely admit that the TTAB made a ruling as to Defendant Miguel's Petition for Cancellation that required Defendant Miguel to file a Third Amended Petition to Cancel. Except as so expressly admitted herein, however, Defendants deny generally and specifically each and every remaining allegation contained in Paragraph 45 of the SAC.

46.     Defendants deny generally and specifically each and every allegation contained in Paragraph 46 of the SAC.

47.     Defendants deny generally and specifically each and every allegation contained in Paragraph 47 of the SAC.

**D.     The Banda Maguey Copyrighted Design**

48.     Defendants contend that they presently possess insufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 48 of the SAC, and on that basis, deny generally and specifically each and every allegation contained therein.

49.     Defendants contend that they presently possess insufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 49 of the SAC, and on that basis, deny generally and specifically each and every allegation contained therein.

50.     Defendants contend that they presently possess insufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 50 of the SAC, and on that basis, deny generally and specifically each and every allegation contained therein.

51.     Defendants contend that they presently possess insufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 51 of the SAC, and on that basis, deny generally and specifically each and every allegation contained therein.

52.     Defendants solely admit that Plaintiffs allege that the United States and Mexico are both members of the Berne Convention. Except as so expressly admitted herein, however, Defendants deny generally and specifically each and every remaining allegation contained in Paragraph 52 of the SAC.

**E.     Proceedings Related to the Banda Maguey Trademarks in Mexico**

53.     Defendants contend that they presently possess insufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 53 of the SAC, and on that basis, deny generally and specifically each and every allegation contained therein.

54.     Defendants contend that they presently possess insufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 54 of the SAC, and on that basis, deny generally and specifically each and every allegation contained therein.

55.     Defendants contend that they presently possess insufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 55 of the SAC, and on that basis, deny generally and specifically each and every allegation contained therein.

56.     Defendants contend that they presently possess insufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 56 of the SAC, and on that basis, deny generally and specifically each and every allegation contained therein.

57.     Defendants contend that they presently possess insufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 57 of the SAC, and on that basis, deny generally and specifically each and every allegation contained therein.

58.     Defendants contend that they presently possess insufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 58 of the SAC, and on that basis, deny generally and specifically each and every allegation contained therein.

59.     Defendants contend that they presently possess insufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 59 of the SAC, and on that basis, deny generally and specifically each and every allegation contained therein.

60.     Defendants contend that they presently possess insufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 60 of the SAC, and on that basis, deny generally and specifically each and every allegation contained therein.

## F. Defendants' Trademark Counterfeiting and Infringement and Copyright Infringement

61. Defendants deny generally and specifically each and every allegation contained in Paragraph 61 of the SAC.

62. Defendants contend that they presently possess insufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 62 of the SAC, and on that basis, deny generally and specifically each and every allegation contained therein.

63. Defendants deny generally and specifically each and every allegation contained in Paragraph 63 of the SAC.

64. Defendants deny generally and specifically each and every allegation contained in Paragraph 64 of the SAC.

65. Defendants deny generally and specifically each and every allegation contained in Paragraph 65 of the SAC.

66. Defendants deny generally and specifically each and every allegation contained in Paragraph 66 of the SAC.

67. Defendants contend that they presently possess insufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 67 of the SAC, and on that basis, deny generally and specifically each and every allegation contained therein.

68. Defendants deny generally and specifically each and every allegation contained in Paragraph 68 of the SAC.

69. Defendants deny generally and specifically each and every allegation contained in Paragraph 69 of the SAC.

## G. Defendants' Misappropriation of Plaintiffs Banda Maguey Founding Members' Image and Likeness and Violation of Their Right of Publicity

70. Defendants deny generally and specifically each and every allegation

contained in Paragraph 70 of the SAC.

71.     Defendants deny generally and specifically each and every allegation contained in Paragraph 71 of the SAC.

72.     Defendants deny generally and specifically each and every allegation contained in Paragraph 72 of the SAC.

73.     Defendants deny generally and specifically each and every allegation contained in Paragraph 73 of the SAC.

## FIRST CLAIM FOR RELIEF

### Federal Trademark Counterfeiting

### in Violation of Lanham Act § 32, 15 U.S.C. § 1114

74.     Defendants admit that Plaintiffs repeat and reallege the allegations set forth in the proceeding paragraphs of the SAC in Paragraph 74.

75.     Defendants deny generally and specifically each and every allegation contained in Paragraph 75 of the SAC.

76.     Defendants deny generally and specifically each and every allegation contained in Paragraph 76 of the SAC.

77.     Defendants deny generally and specifically each and every allegation contained in Paragraph 77 of the SAC.

78.     Defendants deny generally and specifically each and every allegation contained in Paragraph 78 of the SAC.

79.     Defendants deny generally and specifically each and every allegation contained in Paragraph 79 of the SAC.

## SECOND CLAIM FOR RELIEF

### Federal Trademark Infringement of a Registered Mark

### in Violation of Lanham Act § 32, 15 U.S.C. § 1114

80.     Defendants admit that Plaintiffs repeat and reallege the allegations set forth in the proceeding paragraphs of the SAC in Paragraph 80.

81.     Defendants deny generally and specifically each and every allegation

contained in Paragraph 81 of the SAC.

82. Defendants deny generally and specifically each and every allegation contained in Paragraph 82 of the SAC.

83. Defendants deny generally and specifically each and every allegation contained in Paragraph 83 of the SAC.

84. Defendants deny generally and specifically each and every allegation contained in Paragraph 84 of the SAC.

85. Defendants deny generally and specifically each and every allegation contained in Paragraph 85 of the SAC.

## THIRD CLAIM FOR RELIEF

### Federal Unfair Competition and False Designation of Origin

### in Violation of Lanham Act § 43(a), 15 U.S.C. § 1125(a)

86. Defendants admit that Plaintiffs repeat and reallege the allegations set forth in the proceeding paragraphs of the SAC in Paragraph 86.

87. Defendants deny generally and specifically each and every allegation contained in Paragraph 87 of the SAC.

88. Defendants deny generally and specifically each and every allegation contained in Paragraph 88 of the SAC.

89. Defendants deny generally and specifically each and every allegation contained in Paragraph 89 of the SAC.

90. Defendants deny generally and specifically each and every allegation contained in Paragraph 90 of the SAC.

## FOURTH CLAIM FOR RELIEF

### Federal Trademark Dilution in

### Violation of Lanham Act § 43(c), 15 U.S.C. § 1125(c)

91. Defendants admit that Plaintiffs repeat and reallege the allegations set forth in the proceeding paragraphs of the SAC in Paragraph 91.

92. Defendants deny generally and specifically each and every allegation

contained in Paragraph 92 of the SAC.

93.     Defendants deny generally and specifically each and every allegation contained in Paragraph 93 of the SAC.

94.     Defendants deny generally and specifically each and every allegation contained in Paragraph 94 of the SAC.

95.     Defendants deny generally and specifically each and every allegation contained in Paragraph 95 of the SAC.

96.     Defendants deny generally and specifically each and every allegation contained in Paragraph 96 of the SAC.

## FIFTH CLAIM FOR RELIEF

### Common Law Trade Name Infringement

97.     Defendants admit that Plaintiffs repeat and reallege the allegations set forth in the proceeding paragraphs of the SAC in Paragraph 97.

98.     Defendants deny generally and specifically each and every allegation contained in Paragraph 98 of the SAC.

99.     Defendants deny generally and specifically each and every allegation contained in Paragraph 99 of the SAC.

100.    Defendants deny generally and specifically each and every allegation contained in Paragraph 100 of the SAC.

101.    Defendants deny generally and specifically each and every allegation contained in Paragraph 101 of the SAC.

## SIXTH CLAIM FOR RELIEF

### Unfair Competition in Violation of

### California Business & Professions Code § 17200, *et seq.*

102.    Defendants admit that Plaintiffs repeat and reallege the allegations set forth in the proceeding paragraphs of the SAC in Paragraph 102.

103.    Defendants deny generally and specifically each and every allegation contained in Paragraph 103 of the SAC.

104.   Defendants deny generally and specifically each and every allegation contained in Paragraph 104 of the SAC.

### SEVENTH CLAIM FOR RELIEF

### Common Law Unfair Competition

105.   Defendants admit that Plaintiffs repeat and reallege the allegations set forth in the proceeding paragraphs of the SAC in Paragraph 105.

106.   Defendants deny generally and specifically each and every allegation contained in Paragraph 106 of the SAC.

107.   Defendants deny generally and specifically each and every allegation contained in Paragraph 107 of the SAC.

### EIGHTH CLAIM FOR RELIEF

### Dilution in Violation of

### California Business & Professions Code § 14247, *et seq.*

108.   Defendants admit that Plaintiffs repeat and reallege the allegations set forth in the proceeding paragraphs of the SAC in Paragraph 108.

109.   Defendants deny generally and specifically each and every allegation contained in Paragraph 109 of the SAC.

110.   Defendants deny generally and specifically each and every allegation contained in Paragraph 110 of the SAC.

111.   Defendants deny generally and specifically each and every allegation contained in Paragraph 111 of the SAC.

112.   Defendants deny generally and specifically each and every allegation contained in Paragraph 112 of the SAC.

### NINTH CLAIM FOR RELIEF

### Copyright Infringement in Violation of 17 U.S.C. § 501

113.   Defendants admit that Plaintiffs repeat and reallege the allegations set forth in the proceeding paragraphs of the SAC in Paragraph 113.

114.   Defendants deny generally and specifically each and every allegation

contained in Paragraph 114 of the SAC.

115. Defendants admit the allegations set forth in Paragraph 115 of the SAC.

116. Defendants deny generally and specifically each and every allegation contained in Paragraph 116 of the SAC.

117. Defendants deny generally and specifically each and every allegation contained in Paragraph 117 of the SAC.

118. Defendants deny generally and specifically each and every allegation contained in Paragraph 118 of the SAC.

119. Defendants deny generally and specifically each and every allegation contained in Paragraph 119 of the SAC.

## TENTH CLAIM FOR RELIEF

### Cancellation of Registration No. 2198068 Based on Fraud

### Pursuant to 15 U.S.C. § 1064(3)

120. Defendants admit that Plaintiffs repeat and reallege the allegations set forth in the proceeding paragraphs of the SAC in Paragraph 120.

121. Defendants deny generally and specifically each and every allegation contained in Paragraph 121 of the SAC.

122. Defendants admit the allegations set forth in Paragraph 122 of the SAC.

123. Defendants admit the allegations set forth in Paragraph 123 of the SAC.

124. Defendants deny generally and specifically each and every allegation contained in Paragraph 124 of the SAC.

125. Defendants deny generally and specifically each and every allegation contained in Paragraph 125 of the SAC.

126. Defendants deny generally and specifically each and every allegation contained in Paragraph 126 of the SAC.

127. Defendants deny generally and specifically each and every allegation contained in Paragraph 127 of the SAC.

128. Defendants deny generally and specifically each and every allegation

contained in Paragraph 128 of the SAC.

129. Defendants deny generally and specifically each and every allegation contained in Paragraph 129 of the SAC.

130. Defendants solely admit that Plaintiffs request the Court order the Commissioner of the USPTO to cancel the transfer of the 068 Registration. Except as so expressly admitted herein, however, Defendants deny generally and specifically each and every remaining allegation contained in Paragraph 130 of the SAC.

## ELEVENTH CLAIM FOR RELIEF

### Refusal of Trademark Application No. 88900353 for Banda Maguey
### Pursuant to 15 U.S.C. § 1119 and 15 USC § 1052(D)

131. Defendants admit that Plaintiffs repeat and reallege the allegations set forth in the proceeding paragraphs of the SAC in Paragraph 131.

132. Defendants admit the allegations set forth in Paragraph 132 of the SAC.

133. Defendants solely admit that the USPTO issued an office action on or about August 1, 2020. Except as so expressly admitted herein, however, Defendants deny generally and specifically each and every remaining allegation contained in Paragraph 133 of the SAC.

134. Defendants solely admit that Defendant Miguel filed a petition to revive the application. Except as so expressly admitted herein, however, Defendants deny generally and specifically each and every remaining allegation contained in Paragraph 134 of the SAC.

135. Defendants solely admit that Defendant Miguel assigned all right, title and interest in the '067 Banda Maguey Registration to Xopillyn SC. Except as so expressly admitted herein, however, Defendants deny generally and specifically each and every remaining allegation contained in Paragraph 135 of the SAC.

136. Defendants deny generally and specifically each and every allegation contained in Paragraph 136 of the SAC.

137. Defendants solely admit that Plaintiffs request the Court order the Commissioner of the USPTO to refuse the 353 Application. Except as so expressly admitted herein, however, Defendants deny generally and specifically each and every remaining allegation contained in Paragraph 137 of the SAC.

## TWELFTH CLAIM FOR RELIEF

### Refusal of Trademark Application No. 97653763 for Los Magueyitos

### Pursuant to 15 U.S.C. § 1119 and 15 U.S.C. § 1052(D)

138. Defendants admit that Plaintiffs repeat and reallege the allegations set forth in the proceeding paragraphs of the SAC in Paragraph 138.

139. Defendants solely admit that Defendant Samuel filed Application No. 97653763 on October 28, 2022. Except as so expressly admitted herein, however, Defendants deny generally and specifically each and every remaining allegation contained in Paragraph 139 of the SAC.

140. Defendants deny generally and specifically each and every allegation contained in Paragraph 140 of the SAC.

141. Defendants solely admit that Plaintiffs request the Court order the Commissioner of the USPTO to refuse the 763 Application. Except as so expressly admitted herein, however, Defendants deny generally and specifically each and every remaining allegation contained in Paragraph 141 of the SAC.

## THIRTEENTH CLAIM FOR RELIEF

### Misappropriation of Image and Likeness

### Pursuant to California Civil Code §3344

142. Defendants admit that Plaintiffs repeat and reallege the allegations set forth in the proceeding paragraphs of the SAC in Paragraph 142.

143. Defendants deny generally and specifically each and every allegation contained in Paragraph 143 of the SAC.

144. Defendants deny generally and specifically each and every allegation contained in Paragraph 144 of the SAC.

145. Defendants deny generally and specifically each and every allegation contained in Paragraph 145 of the SAC.

146. Defendants deny generally and specifically each and every allegation contained in Paragraph 146 of the SAC.

147. Defendants deny generally and specifically each and every allegation contained in Paragraph 147 of the SAC.

148. Defendants deny generally and specifically each and every allegation contained in Paragraph 148 of the SAC.

## FOURTEENTH CLAIM FOR RELIEF

### Common Law Misappropriation of Image and Likeness

149. Defendants admit that Plaintiffs repeat and reallege the allegations set forth in the proceeding paragraphs of the SAC in Paragraph 149.

150. Defendants deny generally and specifically each and every allegation contained in Paragraph 150 of the SAC.

151. Defendants deny generally and specifically each and every allegation contained in Paragraph 151 of the SAC.

152. Defendants deny generally and specifically each and every allegation contained in Paragraph 152 of the SAC.

153. Defendants deny generally and specifically each and every allegation contained in Paragraph 153 of the SAC.

154. Defendants deny generally and specifically each and every allegation contained in Paragraph 154 of the SAC.

## FIFTEENTH CLAIM FOR RELIEF

### Intentional Interference with Prospective Economic Relations

155. Defendants admit that Plaintiffs repeat and reallege the allegations set forth in the proceeding paragraphs of the SAC in Paragraph 155.

156. Defendants contend that they presently possess insufficient knowledge or information to form a belief as to the truth of the allegations contained in

Paragraph 156 of the SAC, and on that basis, deny generally and specifically each and every allegation contained therein.

157.   Defendants deny generally and specifically each and every allegation contained in Paragraph 157 of the SAC.

158.   Defendants deny generally and specifically each and every allegation contained in Paragraph 158 of the SAC.

159.   Defendants deny generally and specifically each and every allegation contained in Paragraph 159 of the SAC.

160.   Defendants deny generally and specifically each and every allegation contained in Paragraph 160 of the SAC.

161.   Defendants deny generally and specifically each and every allegation contained in Paragraph 161 of the SAC.

162.   Defendants deny generally and specifically each and every allegation contained in Paragraph 162 of the SAC.

163.   Defendants deny generally and specifically each and every allegation contained in Paragraph 163 of the SAC.

## **PRAYER FOR RELIEF**

164.   Defendants deny generally and specifically the allegations contained in the "WHEREFORE" clause at the end of the SAC (including items 1-13 of the Prayer for Relief), and Defendants deny generally and specifically that Plaintiffs are entitled to any of the relief sought in such Prayer.

Any and all allegations not expressly admitted herein are hereby expressly denied by Defendants.

## **AFFIRMATIVE DEFENSES**

Defendants set forth their affirmative defenses below. Each such defense is asserted as to all claims unless otherwise stated. By setting forth such affirmative defenses, Defendants do not assume the burden of proving any fact, issue, or element of any cause of action where such burden properly belongs to Plaintiffs.

Moreover, except as expressly admitted in this Answer, nothing stated herein or omitted herefrom is intended to be, nor shall be construed as, an admission of any fact as to any claims asserted in Plaintiffs' SAC, or as an acknowledgement that any particular issue or subject matter is relevant to Plaintiffs' allegations.

## FIRST AFFIRMATIVE DEFENSE

### (Failure to State a Claim)

1.      Plaintiffs' SAC, and each and every claim therein, fails to state a claim upon which relief may be granted.

## SECOND AFFIRMATIVE DEFENSE

### (Statute of Limitations)

2.      Applicable statutes of limitations bar each and every claim set forth in Plaintiff's SAC.

## THIRD AFFIRMATIVE DEFENSE

### (Laches)

3.      As a result of Plaintiff's knowledge, conduct, words and/or actions, Plaintiff's claims are barred in whole or in part by the doctrine of laches.

## FOURTH AFFIRMATIVE DEFENSE

### (Waiver)

4.      As a result of Plaintiffs' knowledge, conduct, words and/or actions, Plaintiffs have waived any and all of the alleged rights asserted in the SAC and in each and every claim therein.

## FIFTH AFFIRMATIVE DEFENSE

### (Estoppel)

5.      As a result of Plaintiff's knowledge, conduct, words and/or actions, Plaintiff's claims are barred in whole or in part by the doctrine of estoppel.

## SIXTH AFFIRMATIVE DEFENSE

### (Unjust Enrichment)

6.      Plaintiffs would be unjustly enriched if allowed to recover on the SAC.

## SEVENTH AFFIRMATIVE DEFENSE

### (Performance of Duties)

7.    Defendants have fully performed any and all contractual, statutory, and/or other duties to Plaintiffs, and Plaintiffs are therefore estopped from asserting any cause of action against Defendants.

## EIGHTH AFFIRMATIVE DEFENSE

### (Acquiescence)

8.    The claims in Plaintiffs' SAC are barred in whole or in part because the conduct alleged was undertaken, if at all, with Plaintiffs' knowledge, acquiescence, ratification, approval and/or consent.

## NINTH AFFIRMATIVE DEFENSE

### (Failure to Mitigate)

9.    Defendants allege that Plaintiffs have failed to make reasonable efforts to mitigate their damages, if any, in whole or in part.

## TENTH AFFIRMATIVE DEFENSE

### (Good Faith)

10.    To the extent Defendants engaged in any wrongful conduct alleged in the SAC, which Defendants deny, Defendants acted in good faith, and without any willfulness or intent to infringe upon Plaintiffs' rights.

## THIRTEENTH AFFIRMATIVE DEFENSE

### (Unclean Hands)

11.    Defendants allege that Plaintiffs have engaged in certain conduct, as a result of which, this SAC, and each and every claim therein, is barred by the Doctrine of Unclean Hands.

## FOURTEENTH AFFIRMATIVE DEFENSE

### (Reservation of Defenses)

12.    Defendants presently possesses insufficient knowledge or information on which to form a belief as to whether Defendants may possess additional, as yet

unstated, affirmative defenses. Defendants therefore reserve the right to assert such additional defenses in the event that discovery indicates that such additional defenses are proper.

## COUNTERCLAIMS

Defendant/Counterclaimant MIGUEL ANGEL VIDAL PULIDO, an individual ("Counterclaimants"), by and through his counsel of record, hereby asserts the following Counterclaims against Plaintiffs/Counterdefendants JORGE ERNESTO RAMIREZ CEBALLOS, an individual ("Ceballos"), FERNANDO GUARDADO ROSALES, an individual ("Rosales"), JOSE ROSARIO CISNEROS GUTIERREZ, an individual ("Gutierrez"), and LUIS ANTONIO PLASENCIA MARTINEZ, an individual ("Martinez") (collectively, "Counterdefendants").

## NATURE OF THE CLAIM

1. These Counterclaims seek: (a) remedies for the fraudulent procurement of U.S. Trademark Registration No. 5,985,963 ("the '963 Registration"), pursuant to Section 38 of the Lanham Act, 15 U.S.C. § 1120; (b) cancellation of the '963 Registration, pursuant to Section 37 of the Lanham Act, 15 U.S.C. § 1119; (c) remedies for Trademark Infringement as a result of Counterdefendants' unauthorized use of the BANDA MAGUEY standard character mark (the "Mark"), pursuant to Section 43 of the Lanham Act; and (d) declaratory relief.

## THE PARTIES

2. Counterclaimant is, and at all relevant times herein was, an individual residing in the County of Riverside, State of California.

3. Counterclaimant is informed and believes and, on such basis, herein allege that Counterdefendant Ceballos is, and at all relevant times herein was, an individual residing in San Pedro Tlaquepaque, in the state of Jalisco, Mexico.

4. Counterclaimant is informed and believes and, on such basis, herein allege that Counterdefendant Rosales is, and at all relevant times herein was, an individual residing in San Pedro Tlaquepaque, in the state of Jalisco, Mexico

5.     Counterclaimant is informed and believes and, on such basis, herein allege that Counterdefendant Gutierrez is, and at all relevant times herein was, an individual residing in San Pedro Tlaquepaque, in the state of Jalisco, Mexico

6.     Counterclaimant is informed and believes and, on such basis, herein allege that Counterdefendant Martinez is, and at all relevant times herein was, an individual residing in San Pedro Tlaquepaque, in the state of Jalisco, Mexico

7.     The true names and capacities of ROES 1 through 10, inclusive, whether individual, corporate, associate or otherwise, are unknown to Counterclaimant at this time, who therefore sues said Counterdefendants by such fictitious names, and when the true names, capacities, and relationships of such Counterdefendants are ascertained, Counterclaimant will ask leave of Court to amend these Counterclaims to assert the same.

8.     Counterclaimant is informed and believes and, on such basis, herein alleges that each Counterdefendant named in these Counterclaims was, at all times herein mentioned, and now is, the agent and/or employee of each of the other Counterdefendants herein, and was at all times acting within the course and scope of said agency and/or employment. When referring to "Counterdefendants" herein, Counterclaimant intends to include Ceballos, Rosales, Gutierrez, Martinez, and all other Counterdefendants.

**<u>JURISDICTION AND VENUE</u>**

9.     This Court has subject matter jurisdiction over Counterclaimant's claims pursuant to 15 U.S.C. §§ 1121(a) and 1125(d), and 28 U.S.C. §§ 1331 and 1338(a) and (b), because this lawsuit arises, in part, from a claim for trademark infringement under the Lanham Act. Additionally, this Court has supplemental jurisdiction over all additional non-federal claims, pursuant to 28 U.S.C. § 1367.

10.     This Court has personal jurisdiction over Counterdefendants because, among other things, Counterdefendants are doing business in the State of California and in this judicial district, the acts of infringement complained of herein occurred

in the State of California and in this judicial district, and Counterdefendants have caused injury to Counterclaimant and Counterclaimant's intellectual property within the State of California and in this judicial district.

11. Venue is proper in the Central District of California pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to the claim occurred in this District.

## FACTS COMMON TO ALL CAUSES OF ACTION

12. In or about April 1991, in Villa Corona, Jalisco, Mexico, Counterclaimant and fellow bandmates Ernesto Solano Perez, Ibarra Torres Jose Martin Gerard, Luis Antonio Placencia, Samuel Vidal Pulido, Fernando Guardado Rosales, Francisco Ricardo Mendoza, Nelson Alejandro Mendoza, Jose Luis Mendoza Rosas, and Francisco Javier Bueno Hernandez (collectively, the "Founding Members") formed the musical group Banda Maguey (the "Band").

13. Therefore, in or about April 1991, Counterclaimant and the other Founding Members formed a Mexican Partnership (the "Partnership") to conduct all Banda Maguey business and commercially exploit the Mark, which the Partnership first used in commerce in the United States at least as early as May 1, 1994.

14. For over 25 years, Counterclaimant used the Mark in commerce in connection with the Band's (i) recording and releasing of over sixteen (16) albums, and (ii) performing of live musical concerts at venues throughout the United States.

15. Counterclaimant also expended significant time and money, via the Band, to build the Mark's public association therewith, and to develop extensive goodwill in the Mark. Due to the professional caliber of the music performance services rendered in connection with the Mark, and the expenditure of significant sums for promotional activities and advertising, as well as by virtue of the Band's receipt of massive public interest and news coverage, the Mark has garnered a valuable reputation in connection with the provision of music performance services.

16. On or about August 9, 1997, the Partnership applied for registration of

the Mark with the United States Patent and Trademark Office ("USPTO"), and such Application matured into Registration No. 2,198,067 on or about October 20, 1998 (the "'067 Registration").

17. On or about November 12, 2006, the Partnership assigned all rights in and to the Original Maguey Registration to Counterclaimant.

18. Counterclaimant and the Band continued operating under the Original Maguey Registration until on or about February 5, 2014, when the Partnership was dissolved and Counterclaimant and all of the Band's other then-current members formed a Mexican Corporation called Xopillyn SC ("Xopillyn") to operate the Band under the Mark.

19. Because Counterclaimant was an owner of Xopillyn, at the time the Band was formed on or about February 5, 2014, Counterclaimant assigned his rights in and to the '067 Registration.

20. On or about March 23, 2018, Jose Rosario Cisneros, without the knowledge or authorization of all members of Xopillyn, assigned the Xopillyn's rights in the '067 Registration.

21. Because neither Counterclaimant nor any of the other owners of Xopillyn ever consented to, or even knew of the March 23, 2018 assignment, such assignment to Ceballos was invalid and void *ab initio*.

22. Ceballos knew that the March 23, 2018 assignment was not authorized by all of the owners of Xopillyn, but knowingly filed a fraudulent assignment of the '067 Registration with the USPTO anyway.

23. Later, Xopillyn was dissolved, and the rights and assets thereof reverted back to Counterclaimant and the other then-current members of Banda Maguey.

24. Accordingly, on or about June 5, 2019, Counterclaimant filed a Petition to Cancel the Original Maguey Registration, on the basis that it was procured by fraud (the "Prior Petition"). Ceballos failed to respond to the Prior Petition, and the

Trademark Trial and Appeal Board ("TTAB") granted Counterclaimant's Prior Petition on or about September 28, 2019.

25. Based in part on his claim to ownership of the Original Maguey Registration via the invalid March 23, 2018 assignment, Ceballos filed Application, on or about January 15, 2019, for the mark LA ORIGINAL BANDA MAGUEY, Y SIGUE Y SIGUE Y PURO VILLA…CORONOA" in International Class 41, for "[e]ntertainment services in the nature of presenting live musical performances…" (the "Application"). Claiming a first use date of February 17, 2019, the Application matured into Registration No. 5,985,963 on or about February 11, 2020 (the "'963 Registration").

26. The '963 Registration, which Ceballos obtained via false statements to the USPTO, is a substantial duplicate of the '067 Registration, which Counterclaimant has been using in commerce in connection with identical services since in or about 1991.

27. Accordingly, these Counterclaims necessarily result.

## FIRST COUNTERCLAIM FOR RELIEF

**Fraudulent Procurement of U.S. Trademark Registration No. 5,985,963**

**(By Counterclaimant Against Counterdefendant Ceballos And ROES 1-5)**

28. Counterclaimant repeats, realleges, and incorporates herein by this reference each and every allegation contained in ¶¶ 1-27 of the Counterclaims as though set forth in full herein.

29. Counterclaimant is informed and believes and, on such basis, herein alleges that Counterdefendant Ceballos falsely declared and/or omitted material facts when he stated in the Application that (a) the '067 Registration had been properly assigned to him; and that (b) Ceballos had used the mark he sought to register in interstate commerce as of February 17, 2019.

30. However, at the time of filing the Application, Counterclaimant is informed and believes and, on such basis, herein alleges that Ceballos knew that the

ANSWER AND COUNTERCLAIMS

March 23, 2018 assignment was unauthorized, and that the mark he sought to register had not actually been used in interstate commerce as of February 17, 2019.

31.     Ceballos' misstatements and/or omissions of fact were intentional and deliberate and were calculated to mislead the USPTO into issuing the '963 Registration to Ceballos.

32.     Ceballos' misrepresentations and/or omissions of fact to the USPTO were material to the USPTO's decision to issue the '963 Registration.

33.     Counterclaimant is informed and believes and, on such basis, herein alleges that but for Ceballos' misrepresentations and/or omissions of fact about the invalid March 23, 2018 assignment, or the date of first use, the USPTO would not have issued the '963 Registration.

34.     By reason of the foregoing, Ceballos improperly and fraudulently procured the '963 Registration.

35.     The persistence of the fraudulently obtained '963 Registration on the Principal Register has harmed and continues to harm Counterclaimant. For example, Counterclaimant is informed and believes and, on such basis, herein alleges that Ceballos has used the '963 Registration to obtain a U.S. Visa for his band to tour in the U.S. and directly compete with Counterclaimant in the rendering of live performance services under the Mark.

36.     As a direct and proximate result of the persistence of the '963 Registration on the Principal Register, as alleged above, Counterclaimant has been and continues to be damaged, pursuant to 15 U.S.C. § 1120, in an amount to be proven at trial, together with interest thereon at the maximum legal rate.

## SECOND COUNTERCLAIM FOR RELIEF

**Cancellation of U.S. Trademark Registration No. 5,985,963 – Fraud**

**(By Counterclaimant Against Counterdefendant Ceballos And ROES 1-5)**

37.     Counterclaimant repeats, realleges, and incorporates herein by this reference each and every allegation contained in ¶¶ 1-36 of the Counterclaims as

ANSWER AND COUNTERCLAIMS

though set forth in full herein.

38. Counterclaimant is informed and believes and, on such basis, herein alleges that Ceballos falsely declared and/or omitted material facts when it stated in the Application that the Original Maguey Registration had been properly assigned to Counterdefendant, and used in interstate commerce as of February 17, 2019.

39. However, at the time of filing the Application, Counterclaimant is informed and believes and, on such basis, herein alleges that Ceballos knew that the March 23, 2018 assignment was unauthorized, the mark sought to be registered had not actually been used in interstate commerce as of February 17, 2019.

40. Counterclaimant is informed and believes and, on such basis, herein alleges that Ceballos tried to conceal the fact that the March 23, 2018 assignment was unauthorized, and that the mark sought to be registered had not actually been used in interstate commerce as of February 17, 2019, by making false statements to the USPTO, and that such misstatements and/or omissions of fact were intentional, deliberate, and calculated to mislead the USPTO into issuing the '963 Registration.

41. Ceballos' misrepresentations and/or omissions of fact to the USPTO were material to the USPTO's decision to issue the '963 Registration, and such Registration should therefore be cancelled, pursuant to 15 U.S.C. § 1063.[1]

### THIRD CAUSE OF ACTION

### Declaratory Relief

### (By Counterclaimant Against Counterdefendant Ceballos And ROES 1-5)

42. Counterclaimant repeats, realleges, and incorporates herein by this reference each and every allegation contained in ¶¶ 1-41 of the Counterclaims as though set forth in full herein.

43. An actual controversy exists between Counterclaimant and Ceballos regarding rightful ownership of the Mark.

---

1 This Court has jurisdiction over the USPTO to make appropriate entries on the Federal Register regarding the Registrations, as authorized by the Lanham Act.

44.     At the time of the invalid March 23, 2018 transfer of Xopillyn's rights in the '067 Registration, Xopillyn had no bylaws or shareholder agreement that would dictate how assets of the corporation could be assigned. Accordingly, a significant and important issue exists as to whether Xopillyn could have, or did, properly assign the '067 Registration to Ceballos, and, if the rights therein were not assigned, whether rights in the Mark therefore reverted back to Counterclaimant via Counterclaimant's use of the Mark upon dissolution of Xopillyn.

45.     Counterclaimant reasonably anticipates litigation regarding the parties' respective claims to ownership of the Mark, and whether that ownership resides in Ceballos such that Ceballos can exploit the '067 Registration to the exclusion of Counterclaimant and utilize his claim to ownership to obtain the '963 Registration. Accordingly, Counterclaimant requests that this court grant declaratory relief, declaring that Counterclaimant is the true and rightful owner of the Mark, and that Ceballos's ownership of the '963 Registration be cancelled.

46.     Plaintiff is informed and believes and, on such basis, herein alleges that Ceballos' wrongful activities have caused, and unless enjoyed by this Court will continue to cause, irreparable injury and other damages to Counterclaimant's business, reputation, and goodwill. Counterclaimant has no adequate remedy at law.

## FOURTH CAUSE OF ACTION

### Federal Trademark Infringement – Registration No. 5,985,963

### (By Counterclaimant Against All Counterdefendants)

47.     Counterclaimant repeats, realleges, and incorporates herein by this reference each and every allegation contained in ¶¶ 1-46 of the Counterclaims as though set forth in full herein.

48.     Counterdefendants' actions as alleged herein, including, without limitation, using the Mark without authorization, to advertise, promote, market, and/or sell Counterdefendants' independent, and directly competitive, live musical performance services in commerce, constitutes trademark infringement of

ANSWER AND COUNTERCLAIMS

Counterclaimant's rights in the Mark.

49.     As a direct and proximate result of Counterdefendants' actions as alleged herein, Counterclaimant is entitled to recover monetary damages in an amount to be determined at trial, together with any and all profits made by Counterdefendants in advertising and selling directly competitive, live musical performance services in commerce, and interest thereon at the maximum legal rate.

50.     Counterclaimant is informed and believes and, on the basis of such information and belief, herein alleges that Counterdefendants' actions were undertaken willfully and with the intention of causing confusion, mistake, or deception.

51.     Counterdefendants' actions, if not enjoined, will continue. Accordingly, Counterclaimant is also entitled to injunctive relief.

## <u>PRAYER FOR RELIEF</u>

WHEREFOR, Counterclaimant hereto prays for judgement against Counterdefendants, and each of them, as follows:

1.     For temporary injunctive relief;

2.     For permanent injunctive relief;

3.     For a declaration of the respective rights of the parties regarding ownership of the Mark;

4.     For general damages in an amount to be proven at trial;

5.     For special damages in an amount to be proven at trial;

6.     For treble damages in an amount to be proven at trial;

7.     For punitive and/or exemplary damages in an amount to be proven at trial;

8.     For reasonable attorneys' fees and costs of suit incurred herein;

9.     For pre-judgment interest according to proof at trial; and

///

///

10.    For such other and further relief as this Court deems just and proper.

Respectfully submitted,

DATED:  August 7, 2024                              **ALTVIEW LAW GROUP, LLP**

By: _____
JOHN M. BEGAKIS
*Attorneys for Defendant* MIGUEL
ANGEL VIDAL PULIDO, an
individual

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on August 7, 2024, a copy of **DEFENDANTS'
ANSWER TO PLAINTIFFS' SECOND AMENDED COMPLAINT AND
COUNTERCLAIMS** was served by electronic mail at the address below:

David Martinez, Esq.
Daniel D. Allender, Esq.
Luis D. Gomez, etc.
ROBINS KAPLAN LLP
2121 Avenue of the Stars, Suite 2800
Los Angeles, CA 90067
DMartinez@robinskaplan.com
DAllender@robinskaplan.com
LGomez@robinskaplan.com


August 7, 2024                                    /s/ John M. Begakis
                                                  JOHN M. BEGAKIS